**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Thintinus Noseth Taylor,<br>          Petitioner,<br>v.<br>United States of America,<br>          Respondent. | No. CV-21-00681-PHX-ROS<br>**ORDER** |

Movant Thintinus Noseth Taylor seeks relief, under 28 U.S.C. § 2255, from his conviction for unlawful possession of firearms and ammunition in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). (Doc. 1; Doc. 5). Taylor was convicted on November 3, 2017 and sentenced to 83 months in prison followed by 36 months of supervised release. (Doc. 31 at 2). The Report and Recommendation ("R&R") prepared by Magistrate Judge John Z. Boyle recommends that the Court deny Taylor's § 2255 motion. (Doc. 31 at 17). R&R accurately recounts the facts and the law and will be adopted to the extent set forth below.

Taylor has also filed a motion for extension of time to respond to the R&R (Doc. 33), which will be granted, and a motion for summary judgment (Doc. 18), which will be denied.

## BACKGROUND

On November 15, 2016, the United States filed an indictment against Taylor and his wife in this Court, alleging Taylor's wife helped him unlawfully obtain firearms. (CR-16-1377-ROS-2 Doc. 1 at 2). Taylor could not lawfully possess the firearms because he had

been convicted of three felonies in Arizona state court. (CR-16-1377-ROS-2 Doc. 322 at 8). On November 3, 2017, Taylor was found guilty by a jury of prohibited possession of firearms or ammunition. (CR-16-1377-ROS-2 Doc. 294). On April 9, 2018, the Court sentenced Taylor to 83 months' imprisonment, with a supervised release term of 36 months. (CR-16-1377-ROS-2 Doc. 332).

Taylor asserts eight grounds for relief in his § 2255 Motion. The R&R summarizes the grounds as follows. "In Ground One, [Taylor] asserts a claim for ineffective assistance of counsel based on counsel's failure to file a suppression motion." (Doc. 1 at 6-7; Doc. 31 at 3). "In Ground Two, [Taylor] alleges the government lacked jurisdiction" to prosecute him. (Doc. 1 at 8-9; Doc. 31 at 3). "In Ground Three, [Taylor] alleges there was insufficient evidence to sustain the conviction in violation of the Fifth and Sixth Amendments." (Doc. 1 at 10-11; Doc. 31 at 3). "In Ground Four, [Taylor] asserts counsel was ineffective for failing to challenge the allegedly defective indictment and lack of jurisdiction." (Doc. 1 at 12-14; Doc. 31 at 3). In Grounds Five and Six, Taylor offers "Truth Affidavits" in support of the proposition that his conviction was improper because he is not subject to the laws of the United States. (Doc. 1 at 15-22; Doc. 31 at 13-14). In Ground Seven, Taylor asserts the indictment was defective and he received ineffective assistance of counsel, in violation of the Fifth and Sixth Amendments. (Doc. 31 at 3). In Ground Eight, Taylor asserts actual innocence. (Doc. 31 at 3).

The Government argues Taylor's § 2255 Motion should be denied because all eight grounds are procedurally defaulted or without merit. (Doc. 10).

## ANALYSIS

An inmate in federal prison may move to vacate, set aside, or correct their sentence on the ground that the sentence was "imposed in violation of the Constitution or laws of the United States," or "in excess of the maximum authorized by law," or that "the court was without jurisdiction to impose such sentence," or if the sentence "is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). However, the Court generally may only review claims on a § 2255 motion if the claim was raised on direct appeal; if a claim was not, it is

procedurally defaulted. *Bousley v. United States*, 523 U.S. 614, 622 (1998). A procedurally defaulted claim may only be considered by the Court if the petitioner establishes cause for the default and prejudice therefrom or actual innocence. *See id.*

## I. Ground One

In Ground One, Taylor argues his counsel was ineffective for failing to move for suppression of evidence discovered in his home after execution of a search warrant on the basis that law enforcement unlawfully detained him during the search.[1] (Doc. 1 at 6-7).

"When the Sixth Amendment ineffective assistance of counsel claim is rooted in defense counsel's failure to litigate a Fourth Amendment issue, . . . petitioner must show that (1) the overlooked motion to suppress would have been meritorious and (2) there is a reasonable probability that the jury would have reached a different verdict absent the introduction of the unlawful evidence." *Ortiz-Sandoval v. Clarke*, 323 F.3d 1165, 1170 (9th Cir. 2003) (citing *Kimmelman v. Morrison*, 477 U.S. 365, 375 (1986)). The R&R recommends the Court reject Ground One because Taylor has failed to demonstrate the overlooked motion to suppress would have been meritorious. (Doc. 31 at 4). The Court agrees.

Taylor acknowledges his "initial seizure and detention was lawful" but alleges the encounter became an unlawful "arrest" when law enforcement handcuffed him and placed him in a police vehicle parked in front of his house. (Doc. 1 at 6-7; Doc. 31 at 4). However, the Supreme Court has held that, "for Fourth Amendment purposes, . . . a warrant to search for contraband founded on probable cause implicitly carries with it the limited authority to detain the occupants of the premises while a proper search is conducted." *Michigan v. Summers*, 452 U.S. 692, 705 (1981); *Dawson v. City of Seattle*, 435 F.3d 1054, 1066 (9th Cir. 2006). The "safety risk inherent in executing a search warrant for weapons [is] sufficient to justify the use of handcuffs." *Muehler v. Mena*, 544 U.S. 93, 100 (2005).

The Court finds that Taylor has failed to demonstrate it was unreasonable for law

---

[1] The R&R notes that Taylor moved to suppress this evidence on the basis that the warrant authorizing the search was invalid (Doc. 31 at 3 n.5), but the Court denied the motion and determined the warrant was valid and supported by probable cause. (CR-16-1377-ROS-2 Doc. 85, 87, 194).

- 3 -

enforcement to place him in handcuffs or move him to the back of a police car in light of precedents such as *Michigan v. Summers* and *Muehler v. Mena*, which authorize such restraints upon liberty for the purpose of effectuating a search.

## II.     Ground Two

In Ground Two, Taylor alleges the jurisdictional interstate commerce element of 18 U.S.C. § 922(g) was neither sufficiently alleged in the indictment nor proven by sufficient evidence at trial. (Doc. 1 at 8-9; Doc. 31 at 6). Taylor argues the prosecution failed to establish jurisdiction because the prosecution "simply assert[ed] and prove[d] that the firearms and ammunition . . . were manufactured in" a different state, which was supposedly insufficient to trigger jurisdiction by federal law enforcement. (Doc. 1 at 8-9).

Taylor did not raise this claim on direct review. (Doc. 31 at 6). Ground Two is therefore defaulted unless Taylor can establish cause and prejudice for the default or actual innocence. *See Bousley*, 523 U.S. at 622. But Taylor has not attempted to demonstrate a basis for overcoming the default and the claim is thus defaulted.

## III.    Ground Three

In Ground Three, Taylor again argues the interstate commerce element of 18 U.S.C. § 922(g) was not sufficiently alleged in the indictment or proven by adequate evidence at trial. (Doc. 1 at 10-11). Taylor admits "[i]t is a proven fact" that his wife, Mia Taylor, purchased the firearms in interstate commerce. (Doc. 1 at 10). But Taylor argues his conviction was improper because "[c]onstructive possession of firearms / ammunition that was purchased in interstate commerce, does not amount to an actual act of, 'possessing' or 'receiving,' 'in interstate or foreign commerce,'" as required by the statute. (Doc. 1 at 10). Taylor also appears to argue that the interstate commerce element could not be satisfied because "[c]onstructive possession . . . does not constitute a commercial act." (Doc. 1 at 10).

This claim was not presented on direct appeal and Taylor has not established excuse for the default. Moreover, Taylor admits that it was proven that the firearms were purchased in interstate commerce. (Doc. 1 at 10). And there is no requirement that the

firearms possession itself be a "commercial" act to satisfy the interstate commerce element of 18 U.S.C. § 922(g); it is enough that the firearm or ammunition was shipped in interstate commerce. *See* 18 U.S.C. § 922(g).

Because Ground Three is without merit, the Court agrees with the R&R that Taylor's counsel was not ineffective for failing to raise it on direct review. *See Sexton v. Cozner*, 679 F.3d 1150, 1157 (9th Cir. 2012) ("Counsel is not necessarily ineffective for failing to raise even a nonfrivolous claim, so clearly we cannot hold counsel ineffective for failing to raise a claim that is meritless.").

### IV. Ground Four

In Ground Four, Taylor argues his indictment was defective because it "lacked necessary allegations of criminal intent" regarding knowledge of "prohibited possessor status" and knowingly engaging in interstate commerce. (Doc. 1 at 12). He also argues his counsel was ineffective for failing to raise these alleged defects at trial. (Doc. 1 at 13-14).

Taylor did not raise a challenge to the indictment on direct appeal. (Doc. 31 at 10). The R&R notes that Taylor has not established prejudice for this default because he fails to demonstrate that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. *See Strickland v. Washington*, 466 U.S. 668, 694-95 (1984). The R&R explains that Taylor had three felony convictions and was on probation at the time he committed the § 922(g) offense. (Doc. 31 at 11-12). Although at the time of his conviction, then-binding Ninth Circuit law did not require proof that a defendant knew he was in a category of persons barred from possessing a weapon under § 922(g), *see United States v. Miller*, 105 F.3d 552, 555 (9th Cir. 1997), the R&R reasons Taylor has not demonstrated a reasonable probability that the prosecution could not have proved Taylor acted with knowledge, even if Taylor's counsel had raised this issue. (Doc. 31 at 11-12).

Because Taylor cannot demonstrate prejudice and has not attempted to demonstrate actual innocence, Ground Four is procedurally defaulted. Moreover, Taylor has failed to

establish ineffective assistance of counsel within the meaning of *Strickland*.

## V. Grounds Five and Six

In Grounds Five and Six, Taylor offers "Truth Affidavits" in which he claims that he did not consent to the laws of the United States and therefore is not subject to them.[2] Taylor argues this means his conviction must be vacated due to a lack of subject matter and/or personal jurisdiction. (Doc. 1 at 16).

Grounds Five and Six are without merit. Taylor committed the § 922(g) offense within the territorial bounds of the United States and is subject to the jurisdiction of this Court. Moreover, Courts have not been persuaded by previous attempts to assert immunity from prosecution by virtue of individual sovereignty. *See, e.g.*, *United States v. Studley*, 783 F.2d 934, 937 n.3 (9th Cir. 1986) ("Studley contends that she is not a 'taxpayer' because she is an absolute, freeborn and natural individual. This argument is frivolous."); *United States v. Benabe*, 654 F.3d 753, 767 (7th Cir. 2011) ("We have repeatedly rejected . . . theories of individual sovereignty, immunity from prosecution, and their ilk.").

## VI. Ground Seven

In Ground Seven, Taylor argues his attorney was ineffective for failing to ensure the jury was properly instructed on the "implicit elements" of 18 U.S.C. § 922(g). (Doc. 5-1 at 1-4). However, Taylor has not identified a basis from which to conclude the prosecution was required to prove additional elements. Rather, as the R&R notes, "the alleged 'elements' consist of various facts [Taylor] believes the government had to allege and establish in order to satisfy the interstate commerce element of 18 U.S.C. § 922(g). However, . . . the *only* showing the government had to make to satisfy" the interstate commerce requirement in § 922(g) "was that the firearms and ammunition had some 'minimal nexus' with interstate or foreign commerce at some point in time." (Doc. 31 at

---

[2] Taylor's claims include: He "never knowingly, willingly and voluntarily waived unalienable rights as an American national citizen"; he "is not subject to the corporate code" of the United States; and he is not subject to the Fourteenth Amendment because he is neither "property" nor a "citizen" within the meaning of the Fourteenth Amendment. (Doc. 1 at 15-20; Doc. 31 at 13). Much of the Truth Affidavits are couched in terms of contract, apparently indicating that Taylor feels any social contract between himself and the United States is void. (Doc. 1 at 15-22).

- 6 -

14) (citing *United States v. Paopao*, 469 F.3d 760, 768 (9th Cir. 2006)).

Ground Seven is therefore without merit and Taylor's counsel was not ineffective for failing to raise it. *See Sexton*, 679 F.3d at 1157.

**VII.   Ground Eight**

In Ground Eight, Taylor argues he is actually innocent because none of his prior convictions are predicate felonies within the meaning of 18 U.S.C § 922(g)(1) in light of *United States v. McAdory*, 935 F.3d 838, 844 (9th Cir. 2019) (holding a predicate felony under § 922(g)(1) must have "actually exposed" defendant to a sentence greater than one year of imprisonment) and *United States v. Valencia-Mendoza*, 912 F.3d 1215, 1224 (9th Cir. 2019) ("[T]he Supreme Court has held that courts must consider *both* a crime's statutory elements *and* sentencing factors when determining whether an offense is 'punishable' by a certain term of imprisonment.") (emphasis in original). (Doc. 5-2).

To establish actual innocence, "a petitioner must show that it is more likely than not that no reasonable juror would have found [him] guilty beyond a reasonable doubt." *Schlup v. Delo*, 513 U.S. 298, 327 (1995). "One way a petitioner can demonstrate actual innocence is to show in light of subsequent case law that he cannot, as a legal matter, have committed the alleged crime." *Vosgien v. Persson*, 742 F.3d 1131, 1134 (9th Cir. 2014).

While Taylor's direct appeal was pending, the Ninth Circuit held a predicate conviction under § 922(g)(1) requires that the defendant was "actually exposed" to more than one year in prison. *See McAdory*, 935 F.3d at 843-44. *McAdory* does not benefit Taylor, however, because the record reflects that Taylor was actually exposed to more than a year in prison for two prior offenses. As the R&R notes, "in 2014, [Taylor] was convicted in Arizona Superior Court for transporting marijuana for sale, which carried a minimum sentence of two years in prison as a Class 3 felony. [Taylor] was also sentenced to four years imprisonment (two years suspended) in 2004 for Possession of Cocaine and Firearm." (Doc. 31 at 16); (CR-16-1377-ROS-2 Doc. 322 at 8).

Thus, Taylor has failed to demonstrate he was not actually exposed to more than one year in prison.

### VIII. Motion for Summary Judgment

On July 27, 2021, Taylor filed a Motion for Summary Judgment. (Doc. 18). In the Motion for Summary Judgment, Taylor asserts that the allegations in the Truth Affidavits are undisputed and that he is entitled to judgment as a matter of law. (Doc. 18 at 1). However, as explained in Part V, Grounds Five and Six are without merit. The Motion for Summary Judgment (Doc. 18) will therefore be denied. *Cf. United States v. Carlos*, No. CR-05-0252-PHX-NVW, 2009 WL 414015, at *4 (D. Ariz. Feb. 18, 2009) (denying as moot a motion for summary judgment where the Court addressed the claims through ruling on a § 2255 motion).

### IX. Certificate of Appealability

A district court may issue a certificate of appealability, permitting a habeas petitioner to appeal, "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Court finds a certificate of appealability is not warranted because jurists of reason would not disagree regarding the Court's resolution of Taylor's constitutional claims. *See Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

### CONCLUSION

For the foregoing reasons, Taylor's motion for extension of time (titled a "Motion for Consideration") (Doc. 33) will be granted and Taylor's § 2255 motion (Doc. 1) and motion for summary judgment (Doc. 18) will be denied. Because the grounds set forth above provide a sufficient basis for the denial of Taylor's motions, the Court does not reach the alternative grounds provided in the R&R.

Accordingly,

**IT IS ORDERED** the Report and Recommendation (Doc. 31) is **ADOPTED** to the extent set forth above. The Motion to Vacate, Set Aside or Correct Sentence (Doc. 1) is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** the Motion for Summary Judgment (Doc. 18) is **DENIED**.

**IT IS FURTHER ORDERED** the Motion for Consideration (Doc. 33) is **GRANTED**.

**IT IS FURTHER ORDERED** a Certificate of Appealability is **DENIED** because dismissal of the petition is justified by a procedural bar and because Petitioner has not made a substantial showing of the denial of a constitutional right. Jurists of reason would not find the procedural or constitutional rulings debatable.

Dated this 7th day of June, 2022.

Honorable Roslyn O. Silver
Senior United States District Judge