WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br><br>v.<br><br>Thintinus Noseth Taylor,<br><br>Defendant. | No. CR-16-01377-002-PHX-ROS<br><br>**ORDER** |

Pending before the Court is a motion filed by Thintinus Taylor ("Petitioner") titled "Motion for Modification of Release Conditions / Release of BOP – HOLD." (Doc. 402). For the reasons explained below, this motion is denied.

**BACKGROUND**

On November 3, 2017, Petitioner was convicted of violating 18 U.S.C. §§ 922(g)(1) and 924(a)(2), prohibited possessor in possession of firearms or ammunition. (Doc. 294). In April of 2018, Petitioner was sentenced to 83 months in prison followed by 36 months of supervised release. (Doc. 332). His conviction was affirmed on appeal on December 26, 2019. (Doc. 373-1). Petitioner filed a motion for compassionate release based on the COVID-19 pandemic, which this Court denied on September 25, 2020. (Doc. 386). Petitioner also filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255, which this Court dismissed on June 8, 2022. (Doc. 400; No. CV-21-681-PHX-ROS).

Petitioner has been in federal custody for over five years, and his projected release

date is December 31, 2022. (Doc. 402 at 1). On May 11, 2022, Petitioner was transferred from a federal corrections institute to a "halfway house" in Florence, Arizona. (*Id*. at 2). In his motion, Petitioner alleges he began suffering "sexual misconduct" on May 17, 2022 while at the halfway house. (*Id*.) As a result, he filed a complaint about that misconduct under the Prison Rape Elimination Act on June 1, 2022, and a criminal report with the Arizona Attorney General on June 2, 2022. (*Id*.) Petitioner asserts these complaints have not been addressed, but that staff at the halfway house "swept [his allegations] under the carpet" and took retaliatory action. (*Id*.) That retaliatory action included being transferred back to a federal detention center on June 8, 2022. (*Id*. at 3). He further asserts he was the subject of procedurally defective disciplinary proceedings on June 13, 2022, once back in federal prison, as a further form of retaliation. (*Id*.)

In the pending motion, Petitioner requests this Court order him "to Home Detention, for the duration of the statutory sentence imposed." (*Id*. at 5). In a "Clarification of Motion" filed later, Petitioner explains his current housing assignment at a detention center "is a punitive measure" in retaliation for the complaints he made while at the halfway house. Neither Petitioner's motion nor his clarification explain why transfer to home confinement is the appropriate remedy in these circumstances.

## ANALYSIS

The Clerk of Court docketed Petitioner's motion as one for compassionate release under the First Step Act, 18 U.S.C. § 3582(c)(1)(A). The public defender who screened Petitioner's *pro se* filing under General Order 20-28 found that Petitioner "does not appear to be seeking a sentence reduction under § 3582(c)(1)(A)," because he did not explicitly ask for a sentence reduction but instead asked the Court to order his sentence to be implemented differently based on alleged violations of his civil rights. (Doc. 403 at 1-2). The public defender suggested the Court either treat the motion as a petition for habeas corpus under 28 U.S.C. § 2241, or convert the motion to a civil complaint. (*Id*. at 2). Similarly, the United States' Response to Petitioner's motion argues this Court cannot grant the relief Petitioner seeks—home confinement for the duration of his sentence, as opposed

to reducing his sentence outright—under either the First Step Act or pursuant to a habeas petition. (Doc. 405 at 1).

### 1. Compassionate Release Under 18 U.S.C. § 3582(c)(1)(A)

While Petitioner's motion does not specifically invoke compassionate release under 18 U.S.C. § 3582(c)(1)(A), "a document filed *pro se* is to be liberally construed." *Erickson v. Pardus*, 551 U.S. 89. 94 (2007) (internal quotations omitted); *United States v. Seesing*, 234 F.3d 456, 462-63 (9th Cir. 2000). Courts must "look to the contents of a *pro se* filing rather than its form." *Ross v. Williams*, 950 F.3d 1160, 1173 n.19 (9th Cir. 2020). Thus, the Court will look to Petitioner's requested relief: to be placed in home detention "for the duration of the statutory sentence imposed." Something close to that relief could be obtained through a compassionate release motion.

The compassionate release statute "does not authorize a judge to alter the location of a prisoner's confinement, a matter committed to the discretion of the Bureau of Prisons." *United States v. Wright*, 46 F.4th 938, 2022 WL 3712809, at *9 (9th Cir. Aug. 29, 2022). However, a court "may impose a term of probation or supervised release with or without conditions," including home detention "as a substitute for imprisonment." *Id*. (quoting 18 U.S.C. § 3582(c)(1)(A) and U.S.S.G. § 5F1.2). Granting Petitioner's requested relief is thus possible under the statute; it would, however, necessitate issuing "a modified time-served sentence" as a "necessary predicate to [his] home confinement request." *Id*. *See, e.g.*, *United States v. Burrill*, 445 F. Supp. 3d 22, 26 (N.D. Cal. 2020) (granting defendant's motion for compassionate release after he requested "home confinement" by modifying sentence to time served with the remaining portion of the original term of imprisonment to be served as supervised release subject to home confinement).

While the relief Petitioner seeks might be available under the First Step Act, that statute allows an inmate to file a motion for compassionate release only after he "has fully exhausted all administrative rights to appeal a failure of the BOP to bring a motion on [his] behalf or the lapse of 30 day from the receipt of such a request by the warden of the [prisoner's] facility, whichever is earlier." *United States v. Osorio-Arellanes*, No. 11-CR-

- 3 -

00150-001-TUC-DCB, 2021WL 673292, at *2 (D. Ariz. Feb. 22, 2021), quoting 18 U.S.C. § 3582(c)(1)(A). The inmate bears the burden of proving exhaustion. *Id*. The Ninth Circuit has held the exhaustion requirement in the compassionate release statute to be a "mandatory claim-processing rule that must be enforced when properly invoked." *United States v. Keller*, 2 F.4th 1278, 1282 (9th Cir. 2021). If not invoked, however, the exhaustion requirement "may be waived" because the statutory requirement is "mandatory," not a jurisdictional bar. *Id*.; *United States v. Avilla*, No. 19-CR-00171, 2021 WL 4460681, at *2 (S.D. Cal. Sept. 29, 2021).

Here, the Petitioner submitted evidence that his wife asked the BOP by email on June 9, 2022 to "allow[ Taylor] to be transferred to home confinement with immediacy." (Doc. 402 at 10). *See* 28 C.F.R. § 571.61(b) (requests made by another person on behalf of an inmate are treated "in the same manner as an inmate's request"). Petitioner additionally asserts "access to formal administrative remedy forms were not available or afforded at [the] halfway house . . . and are not available at [his detention center]," but that "[m]ultiple phone calls and emails have been utilized in attempting to establish contact with BOP . . . to no avail." (Doc. 404 at 2). Petitioner filed the pending motion on July 22, 2022, more than thirty days after the request was first made on June 9, 2022. The government did not invoke the exhaustion rule in its response. (Doc. 405).

Even if Petitioner exhausted his administrative claims, Petitioner's motion for compassionate release would fail on the merits nonetheless. If the exhaustion requirement is met, a court may modify or reduce the defendant's term of imprisonment after, as relevant, (i) finding "extraordinary and compelling reasons warrant such a reduction" and (ii) considering the factors set forth in 18 U.S.C. § 3553(a). 18 U.S.C. § 3582(c)(1)(A); *Keller*, 2 F.4th at 1283-84. When granting compassionate release, a district court must perform that inquiry sequentially, but when denying compassionate release, a district court need not evaluate each step. *Keller*, 2 F.4th at 1284.

On the first step, the Ninth Circuit has held that "district courts are empowered . . . to consider any extraordinary and compelling reason for release that a defendant might

raise." *United States v. Aruda*, 993 F.3d 797, 801 (9th Cir. 2021) (internal quotations omitted). While not binding, the Sentencing Commission's statements in U.S.S.G. § 1B1.13 are informative when, as here, the defendant—a s opposed to the Director of the BO—moves for compassionate release. *Id.* at 802. Those statements suggest "extraordinary and compelling reasons" might include a certain medical condition of the defendant, such as a terminal illness; the age of the defendant and accompanying physical or mental deterioration; family circumstances, such as the death or incapacitation of the caregiver of the defendant's minor child; or other reasons as determined by the BOP. U.S.S.G. § 1B1.13; *United States v. Chen*, --- F.4th ---, 2022 WL 4231313, at *2 (9th Cir. Sept. 14, 2022). "In the absence of an applicable policy statement from the Sentencing Commission, the determination of what constitutes extraordinary and compelling reasons for sentence reduction lies squarely within the district court's discretion." *Id.* at *3.

As for the second step, involving the section 3553(a) factors, the Court should consider the nature and circumstances of the offense and the history and characteristics of the defendant; the purpose of the sentence (including providing just punishment for the offense and affording adequate deterrence to criminal conduct); and the kinds of sentences available. 18 U.S.C. § 3553(a). The Court must consider "the totality of the circumstances" when analyzing the section 3553(a) factors. *See United States v. Lizarraras-Chacon*, 14 F.4th 961, 965 (9th Cir. 2021).

None of the "extraordinary and compelling reasons" suggested in U.S.S.G. § 1B1.13 apply to the Petitioner. He is now 37 years old, and thus not entitled to relief reserved for aging inmates. *See* 18 U.S.C. § 3582(c)(1)(A)(ii); U.S.S.G. § 1B1.13 n.1(B). He is not terminally ill, U.S.S.G. § 1B1.13 n.1(A), nor has he alleged he is suffering family circumstances that would support a claim for compassionate release, *see* U.S.S.G. § 1B1.13 n.1(C).

Reading Petitioner's motion liberally, he asserts his "extraordinary and compelling reason" for compassionate release is that he is currently being retaliated against for filing reports of sexual harassment. However, Petitioner's "request for immediate release from

prison under Section 3582(c)(1) is not the appropriate vehicle" for his complaints of sexual harassment. *United States v. Aruda*, 472 F. Supp. 3d 847, 856 n.22 (D. Haw. 2020), vacated and remanded on other grounds by *Aruda*, 993 F.3d at 802. Petitioner's allegations of retaliation are concerning, but they do not qualify as an "extraordinary and compelling reason" for compassionate release. *See United States v. Banks*, No. 15-CR-00168, 2021 WL 2373724, at *4 (W.D. Pa. June 9, 2021) ("a compassionate release motion is not the appropriate vehicle to raise allegations of retaliation").

Having reviewed Petitioner's allegations, the Court concludes Petitioner has not shown extraordinary and compelling reasons warrant his release from prison.

**2. Other Possible Constructions of Taylor's Motion**

Another alternative would be to construe Petitioner's motion as a petition for habeas corpus under 28 U.S.C. § 2241. (Doc. 403 at 2; Doc 404 at 2). However, the Court declines to read Petitioner's motion as such. "Habeas corpus proceedings are the proper mechanism for a prisoner to challenge the legality or duration of confinement" while a "civil rights action, in contrast, is the proper method of challenging conditions of confinement." *Badea v. Cox*, 931 F.2d 573, 574 (9th Cir. 1991) (internal quotations and alterations omitted). *See also Rand v. Birkholz*, No. 22-CV-02146, 2022 WL 2442745, at *1 (C.D. Cal. June 7, 2022) (finding claims including retaliation concerned conditions of confinement, so should be brought through a civil rights action instead of a habeas petition). Petitioner's motion does not "challenge the legality or duration of confinement" and, therefore, cannot fairly be read as a habeas petition under 28 U.S.C. § 2241.

Lastly, the Court could convert Petitioner's motion to a civil rights complaint. However, the Court declines to do so, as such a complaint would be subject to exhaustion under the PLRA and additional rules and requirements. *See Nettles v. Grounds*, 830 F.3d 922, 935-36 (9th Cir. 2016); *Glaus v. Anderson*, 408 F.3d 382, 388 (7th Cir. 2005).

Accordingly,

**IT IS ORDERED** Petitioner's motion (Doc. 402) is **DENIED**.

**IT IS FURTHER ORDERED** Petitioner's Motion for Clarification (Doc. 404) is **GRANTED** to the extent considered in resolving the motion at Doc. 402.

Dated this 30th day of September, 2022.

Honorable Roslyn O. Silver
Senior United States District Judge